IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:05-CR-00197(1)-RP |
| RONALD KEITH MURPHY, | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Ronald Keith Murphy's Motion for Time Credit Clarification of Court Order (Dkt. 111). Defendant filed his motion on February 10, 2017. Pursuant to the local rules of the Western District of Texas, "[i]f a party opposes a motion, the party must file its response with the clerk and serve a copy on all parties within 11 days of service of the motion." Local Rule CR-47(b). More than eleven days have passed since the filing of Defendant's motion, and no opposition has been filed. Defendant's motion is therefore ripe for review, and the Court issues the following order.

**BACKGROUND**

Defendant Ronald Keith Murphy was first arrested in September 2005 for possession of a controlled substance with the intent to distribute. He pled guilty, and on March 31, 2006, he was sentenced to 120 months in custody and five years supervised release. Murphy's supervised release commenced on June 3, 2014.

On September 20, 2016, a warrant was issued for Murphy's arrest because he had violated the conditions of his supervised release. Murphy was arrested on September 23, 2016. No bond was set, and Murphy was kept in custody until his final supervised revocation hearing was held on October 18, 2016. After the hearing, Magistrate Judge Jeffrey Manske found that Defendant Ronald

Keith Murphy had violated the terms of his supervised release. He recommended that Murphy's supervised release be continued with additional conditions. Specifically, he recommended:

> [T]hat the defendant be incarcerated until a bed is available at the Salvation Army halfway house. When such accommodation is available, the defendant shall be released to the Salvation Army halfway house for a period of at least SEVEN (7) months. The defendant shall obtain employment at Baird Electric and maintain such employment. The defendant shall receive credit for the period of time he was incarcerated against the seven months.

(Report & Recomm., Dkt. 104, at 5).

The Court accepted and adopted the recommendation of the magistrate judge. Accordingly, the Court ordered that Defendant Ronald Keith Murphy's term of supervised release be continued "with added special conditions of halfway house placement for a period of at least SEVEN (7) months" and employment. (Order, Dkt. 107, at 2–3). The Court further stated that "[t]he defendant shall receive credit for the period of time he was incarcerated against the seven months." (*Id.* at 3).

Murphy remained incarcerated from his arrest until November 15, 2016, when the Salvation Army halfway house first had an available bed. (Def.'s Mot. Clarification, Dkt. 111, at 2). Defendant Murphy now seeks clarification of the order continuing his supervised release. Specifically, he seeks to know whether the order encompasses the time he spent in custody after he was arrested on September 23, 2016, but before his revocation hearing on October 18, 2016, based on records he has obtained suggesting that he may not be credited for this time. (Def.'s Mot. Clarification, Dkt. 111, Ex. B).

## DISCUSSION

Here, both the magistrate judge's report and recommendation and the Court's order plainly state that "[t]he defendant shall receive credit for the period of time he was incarcerated against the seven months." (Report & Recomm., Dkt. 104, at 5; Order, Dkt. 107, at 3). There is no qualification or restriction to this instruction, such as one limiting the credit to only time served in incarceration after the date of the revocation hearing.

Further, although the added conditions of Murphy's supervised release are not a term of imprisonment, if they were, he would receive credit for his prior custody while awaiting sentencing. *See* 18 U.S.C. § 3585(b) ("**Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . .").

## CONCLUSION

In light of the plain language of the prior order and the typical presumption that credit be given for time served in custody, the Court **ORDERS** that Defendant shall receive credit for the period of time he was incarcerated, including the time between his arrest and his revocation hearing, against his seven month placement at the Salvation Army halfway house.

**SIGNED** on February 22, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE